STATE EX REL. JOE NELSON AND OTHERS, INDIVIDUALLY AND AS SUPERVISORS OF TOWN OF ANOKA, AND ANOTHER v. CITY OF ANOKA.[1]

November 27, 1953.

No. 35,870.

[1]Reported in 61 N. W. (2d) 237.

*Hall, Smith & Hedlund,* for relators.

*E. L. Jorgenson,* City Attorney, *Loring M. Staples* and *Faegre & Benson,* for respondent.

MATSON, JUSTICE.

Upon the relation of the town of Anoka and of the members of its board of supervisors (the latter in their official capacities as supervisors and also in their capacities as residents and taxpayers of the town of Anoka) with the consent of the attorney general, this court issued a writ of quo warranto to test the validity of the annexation of certain territory by the city of Anoka.

On May 24, 1952, pursuant to M. S. A. 413.14, the Federal Cartridge Corporation filed a single petition with the city council of the city of Anoka requesting the annexation of certain unplatted property which abutted the city and lay within the town of Anoka which at that time was an unincorporated township. The property is physically divided into two sections by a railroad right of way which is owned in fee by another. This right of way was not included in the petition or in the ordinance which purported to annex the property on June 2, 1952. The plaintiff town of Anoka brought these quo warranto proceedings to contest the validity of this annexation. The referee sustained the annexation.

The following issues arise:

(1) May an owner of two separate parcels of land abutting upon a city, each of which satisfies the requirements for annexation under § 413.14, validly include both parcels in a single petition for annexation?

(2) May a fourth class city of 10,000 or less inhabitants, under § 413.14, annex unplatted property which abuts upon the city but lies within an unincorporated township when such township qualifies for the limited village powers conferred by § 368.01?

■ Section 413.14 provides:

"When * * * the *owner* of *any tract, piece,* or *parcel* of land abutting upon any incorporated city having 10,000 inhabitants or less, * * * shall petition the city council to have such property annexed * * * the city council may by ordinance declare the same to be an addition to such city * * *." (Italics supplied.)

Under this statute relators assert that the annexation was invalid because the property does not consist of a single *tract, piece,* or *parcel* since it is physically separated into two parts by a railroad right of way which is owned in fee by a third party. We shall assume for the purposes of this decision that the property, by the reason of the fee ownership of the railroad right of way by another, does consist of two separate tracts. Does it follow that the annexation was invalid on the theory that § 413.14, by the use of the words "owner," "tract," "piece," and "parcel" in the singular, authorizes only a petition by a single owner as to not more than *one* tract, piece, or parcel? We hold to the contrary. Clearly the statute would permit an owner of two different tracts to file a valid petition for each tract, and each tract could be validly annexed by separate ordinances. Nothing would be accomplished by requiring two separate petitions. Obviously the purpose of the phrase "owner of any tract, piece, or parcel of land * * * shall petition" is simply to prevent a person from petitioning for the annexation of unplatted property of which he owns only a part. It would be an absurd statutory construction to hold that a single owner of two separate tracts may not include both tracts in one petition as long as each tract qualifies otherwise for annexation. In ascertaining legislative intent, it is to be presumed that the legislature did not intend a result that is absurd or unreasonable. § 645.17(1).

We must further bear in mind the well-established principle of statutory construction that, in the absence of an expressed legislative intent to the contrary, statutes are to be construed so that the singular includes the plural and the plural, the singular. § 645.08(2). It is true that in State ex rel. Village of Fridley v.

City of Columbia Heights, 237 Minn. 124, 132, 53 N. W. (2d) 831, 836, this court said that § 413.14 expressly includes only a petition by a *single* owner of *a* tract. This court did not hold or say therein, however, that a single owner could not petition for the annexation of two separate tracts. We hold therefore that under § 413.14 the sole owner of two separate tracts each contiguous to a city may include both tracts in a single petition for annexation.

■ In State ex rel. Village of Fridley v. City of Columbia Heights, *supra,* this court determined that under § 413.14 an incorporated city of the fourth class has no power to annex property lying within an adjoining *incorporated* village or city. Upon the authority of that decision relators contend that the city of Anoka could not validly annex property lying within the township of Anoka because, although the latter township was not then incorporated, it nevertheless enjoyed the village powers conferred by § 368.01. In short, relators assume that, because the legislature has conferred certain enumerated village powers upon any township having platted portions on which 1,200 or more people reside, such township should as a matter of law be construed to have the status of an incorporated municipality. We do not agree.

It is the legislative policy of this jurisdiction, as expressed by our statutes, that the consent of the people of an area be obtained before they are encumbered with the responsibilities which go with incorporation as a village or city. In enacting § 368.01 the legislature merely gave certain unincorporated towns the privilege of assuming a limited number of village powers until the residents thereof should actually take affirmative action for the assumption of the full responsibilities and privileges of incorporation. This court would indeed be invading the legislative field if, by a process of creeping statutory construction, it were to declare that all towns qualifying for the exercise of the limited village powers under § 368.01 thereby automatically attain either the *de facto* or *de jure* status of incorporated villages. The Fridley case sets forth the reasons an incorporated municipality should not be permitted, in the absence of statutory authorization, to destroy or cripple an-

other by a piecemeal annexation of its territory. We find no statutory basis upon which this court can extend and apply those reasons to heavily populated though unincorporated territory surrounding many cities, thereby barring such cities from further expansion. The residents of such surrounding territory have their remedy by a timely incorporation. If they are to be given an additional remedy against the natural growth and expansion of surrounding cities and villages, that remedy must be obtained from the legislature. We hold, therefore, that pursuant to § 413.14 any incorporated city of 10,000 inhabitants or less may validly annex abutting unplatted property even though such property lies within an unincorporated township which qualifies for the limited village powers conferred by § 368.01.

The writ of quo warranto issued herein is hereby discharged.

So ordered.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.