**David Lee LAASE, Respondent,**

v.

**2007 CHEVROLET TAHOE, Appellant.**

No. A07–2023.

Supreme Court of Minnesota.

Dec. 17, 2009.

Jeffrey R. Edblad, Isanti County Attorney, Shila A. Walek Hooper, Assistant Isanti County Attorney, Cambridge, MN, for appellant.

Brian Karalus, Princeton, MN, for respondent.

OPINION

GILDEA, Justice.

In this case we are asked to determine whether the innocent owner defense found in the vehicle forfeiture statute, Minn.Stat. § 169A.63 (2008), is available to a joint owner of the forfeited vehicle. The district court concluded that the defense was available to the vehicle's joint owner who did not have actual or constructive knowledge of the other owner's unlawful use. Based on the defense, the court held that the vehicle was not subject to forfeiture. The court of appeals affirmed in a split decision. *Laase v. 2007 Chevrolet Tahoe*, 755 N.W.2d 23, 26 (Minn.App.2008). Because we conclude that the defense is not available, we reverse.

On May 16, 2006, respondent David Laase met his wife, Jean Margaret Laase, at a golf club at approximately at 7 p.m. Mr. Laase testified that he had played golf at the club that afternoon and was on his way home. He explained that Ms. Laase planned to play golf in a league that evening and stayed at the club. Mr. Laase said that he did not observe his wife holding a drink that evening, nor did he have the impression that she had been drinking

at all. But Mr. Laase testified that his wife called him at about 1 a.m. on May 17, 2006, and told him she had "been arrested for a DWI."

The record reflects that Ms. Laase was stopped in the early morning hours of May 17, 2006 on suspicion that she was driving while impaired. At that time, Ms. Laase drove a 2007 Chevrolet Tahoe that she owned jointly with Mr. Laase. Both Mr. and Ms. Laase are listed as owners on the vehicle title, and Mr. Laase testified that he and his wife share the vehicle, although he is the primary driver. He also testified that both he and his wife have a set of keys to the vehicle, his wife has free access to the vehicle, and she does not ask permission before driving it.

As a result of the May 17, 2006, traffic stop, Ms. Laase was arrested and charged. She subsequently pleaded guilty to second-degree criminal test refusal under Minn. Stat. § 169A.20, subd. 2 (2008) ("It is a crime for any person to refuse to submit to a chemical test of the person's blood, breath or urine. . . .").[1] On September 28, 2006, the district court convicted Ms. Laase of this offense and imposed sentence. Thereafter, Isanti County seized the 2007 Chevrolet Tahoe that Ms. Laase had been driving under Minn.Stat. § 169A.63, which provides that a vehicle is subject to forfeiture for the offense of second-degree criminal test refusal.

Mr. Laase challenged the County's seizure by making a demand for judicial determination under Minn.Stat. § 169A.63, subd. 9 (2008). After a hearing, the district court concluded that the vehicle was not subject to forfeiture because Mr. Laase demonstrated that he was an "innocent owner" under Minn.Stat. § 169A.63, subd. 7(d) (2008). The County appealed and the district court granted the County's motion to stay its order directing that the vehicle be returned to Mr. Laase pending appeal. The court of appeals affirmed. *Laase*, 755 N.W.2d at 26. We granted the County's petition for review.

## I.

■ The question presented in this case is whether the "innocent owner" defense provided for in Minnesota's vehicle forfeiture statute, Minn.Stat. § 169A.63, subd. 7(d), applies to prevent forfeiture of the Laases' vehicle. Under this defense:

A motor vehicle is not subject to forfeiture under this section if its owner can demonstrate by clear and convincing evidence that the owner did not have actual or constructive knowledge that the vehicle would be used or operated in any manner contrary to law or that the owner took reasonable steps to prevent use of the vehicle by the offender.

Minn.Stat. § 169A.63, subd. 7(d). Each party argues that the plain language of subdivision 7(d) supports its position. The County argues that the innocent owner defense does not apply because both owners were not innocent. Mr. Laase argues that, because he is an owner and innocent, the defense is available. Statutory interpretation presents a question of law that we review de novo. *Amaral v. St. Cloud*

---

1. The criminal complaint is not contained in the record on appeal. But the record reflects that Ms. Laase's prior driving while impaired conviction in 2002 operated as an aggravating factor that resulted in the test refusal being a second-degree offense. Minn.Stat. § 169A.25, subd. 1(a) (2008) ("A person who violates section 160A.20, subdivision 2 (refus-

al to submit to chemical test crime), is guilty of second-degree driving while impaired if one aggravating factor was present when the violation was committed."); Minn.Stat. § 169A.03, subd. 3(1) (2008) (defining "aggravating factor" as including a "prior impaired driving incident").

*Hospital,* 598 N.W.2d 379, 383 (Minn. 1999).

## A.

We turn first to a discussion of the relevant provisions in Minnesota's vehicle forfeiture statute. The Minnesota Legislature has provided that vehicles used in certain driving offenses are subject to forfeiture. Minn.Stat. § 169A.63, subd. 6. The County invoked this statute in seeking to forfeit the 2007 Chevrolet Tahoe that Ms. Laase was driving on the night of her arrest. Under the statute, the "vehicle is presumed subject to forfeiture" when "the driver is convicted of the designated offense upon which the forfeiture is based." Minn.Stat. § 169A.63, subd. 7. The parties do not dispute that designated offenses for purposes of the vehicle forfeiture statute include the offense for which Ms. Laase was convicted. *See* Minn.Stat. § 169A.63, subd. 1(e)(1) (2008) (listing designated offenses).

The legislature has also provided a judicial process for challenging the forfeiture. *See* Minn.Stat. § 169A.63, subd. 9 (2008). In such a circumstance, the burden is on the party claiming that the forfeiture is not authorized. Minn.Stat. § 169A.63, subd. 9(e). If a vehicle's "owner makes the demonstration required under subdivision 7, paragraph (d)" during the judicial process, "the vehicle must be returned." Minn. Stat. § 169A.63, subd. 9(g). For purposes of the vehicle forfeiture statute, a vehicle "owner" is "a person legally entitled to possession, use, and control of a motor vehicle," and a registered owner is presumed to be an owner. Minn.Stat. § 169A.63, subd. 1(h) (2008). The definition of "owner" also provides that "if a motor vehicle is owned jointly by two or more people, each owner's interest extends to the whole of the vehicle and is not subject to apportionment." *Id.*

Mr. Laase invoked the judicial process by filing a demand for judicial determination that the 2007 Chevrolet Tahoe was not subject to forfeiture. He relied specifically on the provision in the statute that provides an affirmative defense for the "innocent owner." Minn.Stat. § 169A.63, subd. 9(g) (noting that "the vehicle must be returned" if "the owner makes the demonstration required under subdivision 7, paragraph (d)"). Under subdivision 7(d), an owner regains possession of the vehicle if the owner proves by clear and convincing evidence that the owner lacked knowledge of the offender's unlawful use or that the owner took reasonable steps to prevent the use of the vehicle by the offender. Minn.Stat. § 169A.63, subd. 7(d).

## B.

■ With these statutory provisions in mind, we turn to the interpretation question presented here. The legislature has provided that "[t]he object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2008). To interpret a statute, the court first assesses "whether the statute's language, on its face, is clear or ambiguous." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). If the law is "clear and free from all ambiguity," the plain meaning controls and is not "disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16; *Phelps v. Commonwealth Land Title Ins. Co.,* 537 N.W.2d 271, 274 (Minn.1995) ("Where the intention of the legislature is clearly manifested by plain unambiguous language ... no construction is necessary or permitted.").

■ The parties appear to agree that the "innocent owner" defense in the vehicle forfeiture statute, Minn.Stat. § 169A.63, subd. 7(d), is unambiguous.

The parties disagree, however, over whether *all* owners of the vehicle must be innocent in order for the defense to apply. The statute is written in the singular, providing that the defense is available if the vehicle's "owner" demonstrates innocence. *Id.* But the County contends that we should rely on the canon in which the legislature has stated that the "singular includes the plural." Minn.Stat. § 645.08(2) (2008). With "owner" construed as "owners" in subdivision 7(d), the County argues it is clear that the defense does not apply to this case because both "owners" were not innocent. Mr. Laase responds that canons of construction, including the canon that the singular includes the plural, have no applicability here because the statute is not ambiguous.[2]

The legislature has directed that "[i]n construing the statutes of this state, [certain] canons of interpretation *are to govern,* unless their observance would involve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute." Minn.Stat. § 645.08 (emphasis added). The referenced "canons of interpretation" include that "words and phrases are construed according to rules of grammar and accord-ing to their common and approved usage," and that "the singular includes the plural; and the plural, the singular." Minn.Stat. § 645.08(1), (2).

We have utilized the "canons of interpretation" set forth in Minn.Stat. § 645.08 in determining the plain meaning of a statute without first concluding that the statute was ambiguous. *See, e.g., State by Beaulieu v. RSJ, Inc.,* 552 N.W.2d 695, 701 (Minn.1996) ("The court's role is to discover and effectuate the legislature's intent. In doing so, we construe technical words according to their technical meaning and other words according to their common and approved usage and the rules of grammar. When the language of a statute, so construed, is unambiguous, we apply its plain meaning.") (citing Minn.Stat. § 645.08 (1994) (citations omitted)). We have also specifically used the canon that "the singular includes the plural" to help ascertain the plain meaning of statutes without first concluding that those statutes were ambiguous. *See, e.g., County of Washington v. Am. Fed'n of State, County and Municipal Employees,* 262 N.W.2d 163, 168 (Minn.1978) (utilizing canon to interpret statute's phrase "a supervisory employee" to include all supervisory employees).[3]

---

**2.** Mr. Laase's argument might have more force if the canon of interpretation at issue were what some in the academic community have defined as an "extrinsic canon." *See* William N. Eskridge, Jr. & Philip P. Frickey, *Forward: Law as Equilibrium,* 108 Harv. L. Rev. 26, 97 app. (1994) (distinguishing "textual canons" that govern "grammar and syntax, linguistic inferences, and textual integrity" to interpret plain meaning from "extrinsic source canons" and "substantive policy canons"). An example of an "extrinsic canon" is reliance on legislative history to construe a statute. *Id.* In the absence of a finding of ambiguity, we do not resort to legislative history to interpret a statute. *See Auto Owners Ins. Co. v. Perry,* 749 N.W.2d 324, 328 (Minn. 2008). Because, as explained below, we do not conclude that the statute is ambiguous, we do not rely on the legislative history that the County cites in support of its interpretation of the statute.

**3.** *See also State v. Indus. Tool & Die Works, Inc.,* 220 Minn. 591, 604–05, 21 N.W.2d 31, 38–39 (1945); *see also State ex rel. Nelson v. City of Anoka,* 240 Minn. 350, 352, 61 N.W.2d 237, 239 (1953) ("We must ... bear in mind the well-established principle of statutory construction that, in the absence of an expressed legislative intent to the contrary, statutes are to be construed so that the singular includes the plural and the plural, the singular."); *State ex rel. Klitzke v. Indep. Consol. School Dist. No. 88,* 240 Minn. 335, 345, 61 N.W.2d 410, 417 (1953) ("We are admonished by our

As we have done in these other cases, we likewise conclude here that we do not need to find an ambiguity in the "innocent owner" provision in subdivision 7(d) before invoking the assistance of the "canon of interpretation" in section 645.08(2). The legislature has directed that we apply this canon unless its application would defeat the legislature's intent or result in a construction that is repugnant to the context of the statute. Minn.Stat. § 645.08.

### C.

Mr. Laase and the dissents argue that the operation of the canon in this case defeats legislative intent to permit an affirmative defense and is otherwise repugnant to the legislative purpose as expressed in the statute because it would unreasonably restrict the class of owners for whom the innocent owner defense is available. We disagree.

■ Application of the canon that the singular includes the plural is not inconsistent with the legislature's purpose in providing a defense for innocent owners. The legislature recognized in the statute's defi-nition of "owner" that there would be cases in which the vehicle at issue was jointly owned. Minn.Stat. § 169A.63, subd. 1(h). Despite this recognition, the legislature did not provide any indication in the text of subdivision 7(d) that the defense was to be applied differently in the context of joint ownership. For example, the legislature could have written that, if the vehicle is jointly owned, the owner who is not the offender may assert the defense.[4] In that case, the defense would be available to any owner who is not an offender. Such an instruction would be inconsistent with operation of the canon that the singular includes the plural and render the canon inapplicable. *See* Minn.Stat. § 645.08. Minnesota's statute, however, does not make the defense separately applicable to each owner. As written, the statute treats all owners alike in their eligibility to assert the defense; the defense available to one is available to all, and vice versa.[5]

Application of the singular-includes-the-plural canon likewise is not repugnant to the context of the vehicle forfeiture statute, Minn.Stat. § 169A.63. As the Iowa Supreme Court said, when construing a

---

own statute, section 645.08, to ... construe statutory words importing the singular number as to include the plural unless it be otherwise specifically provided or unless there be something in the subject or context repugnant to such construction."); *Bryant v. Gustafson,* 230 Minn. 1, 7, 40 N.W.2d 427, 432 (1950) (examining a statutory provision for dedicating plats of land "to the public or any person or corporation" and stating that "[t]he use of the word 'person' authorizes a dedication to any number of persons, in that the singular includes the plural.").

4. Maryland's former "innocent owner" provision used such phrasing: " 'No conveyance shall be forfeited ... to the extent of the interest of *any* owner ... who neither knew nor should have known that the conveyance was used or was to be used in violation of this subtitle.' " *State v. One 1984 Toyota Truck,* 311 Md. 171, 533 A.2d 659, 660–61 (1987)

(quoting Md.Code, Art. 27, § 297(a)(4)(iii) (1982) (repealed 2001)) (emphasis added). Maryland's high court read this statute to mean that a vehicle owned jointly by two spouses could not be forfeited if one spouse did not know of the other's unlawful use. *Id.* at 666–68.

5. It might be that one owner in a joint ownership situation maintains such exclusive use of the vehicle that the offender owner is an owner in name only. Indeed, the presumption that a registered owner is an actual owner is rebuttable. Minn.Stat. § 169A.63, subd. 1(h). But that is not this case. Here, Mr. and Ms. Laase enjoyed equal access to the vehicle. Each spouse had a separate set of keys, and neither asked permission of the other to use the vehicle. The Laases' mutual use and control of the vehicle in this case makes them both "owners" under Minn.Stat. § 169A.63, subd. 1(h).

statutory directive similar to that found in section 645.08, "repugnant is a strong term and presents a high hurdle" for a party claiming that a construction is repugnant to the context of a statute. *Baker v. Shields*, 767 N.W.2d 404, 409 (Iowa 2009). Indeed, the court said, for something to be repugnant, it "must be inconsistent, irreconcilable or in disagreement with the other language of a statute." *Id.; see also Pacific Discount Co. v. Jackson*, 37 N.J. 169, 179 A.2d 745, 747 (1962) ("In statutory construction, repugnant is perhaps best equated with irreconcilable conflict.").[6] We have also recognized the heavy burden the repugnancy requirement presents. *See Farmers & Merchants State Bank of Pierz v. Bosshart*, 400 N.W.2d 739, 742 (Minn.1987) (recognizing that where application of a canon in section 645.08 resulted in the statute's terms having "no logical relationship" to one another, the canon at issue would not apply).

■ The dissents repugn the outcome required when the singular-includes-the-plural canon is properly applied, and thus find the canon repugnant in this statutory context.[7] But, as the cases discussed above confirm, the repugnancy exception is not met simply because the judiciary disagrees with the result reached by application of the canon. Indeed, using judicial disagreement to satisfy the repugnancy exception runs afoul of the judicial modesty the constitutional principle of separation of powers compels.[8] We have respected this modest role for over 100 years. *Morrison v. Mendenhall*, 18 Minn. 232 (Gil. 212) (1872) (declining to interpret a foreclosure statute as containing additional requirements because the legislature rather than the courts must be the source of any modifications to the statute as written).[9] A

6. The Iowa statute at issue in *Baker*, 767 N.W.2d at 409, provides: "In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute." Iowa Code § 4.1 (2009). The New Jersey statute at issue in *Pacific Discount Co.*, 179 A.2d at 747, provides: "Unless it be otherwise expressly provided or there is something in the subject or context repugnant to such construction, the following words and phrases, when used in any statute and in the Revised Statutes, shall have the meaning herein given to them." N.J.Rev.Stat. § 1:1–2 (2009).

7. Justice Paul Anderson's dissent distorts the analysis by imposing a judicial policy disfavoring forfeiture onto the question of statutory context for the "innocent owner" defense. The legislature has directed that the context to be examined is the "context of the statute." Minn.Stat. § 645.08. The legislature has provided the "context" for the statute at issue in the language it used in the "innocent owner" defense provision, in the provisions relating specifically to vehicle forfeiture in section 169A.63, and in the other driving under the influence provisions in chapter 169A. *See*

*Farmers & Merchants State Bank*, 400 N.W.2d 739, 743 (Minn.1987) (examining provision at issue, which related to insurance agent liability, and other insurance provisions in determining whether repugnancy exception is met). The judicial disfavor Justice Paul Anderson advances is inapposite because it is not found in the language of the statutory provisions relevant to the context for the "innocent owner" defense provision.

8. *See* Minn. Const., art. III ("The powers of government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any powers properly belonging to either of the others except in the instances expressly provided in this constitution.").

9. *See also Beardsley v. Garcia*, 753 N.W.2d 735, 740 (Minn.2008) (declining to interpret the statute so as to "effectively rewrite" it because that prerogative belongs to the legislature rather than the court); *Goldman v. Greenwood*, 748 N.W.2d 279, 285 (Minn.2008) ("The policy-based argument advanced by the dissent regarding when to measure the endangerment to the child is not without merit, but such a determination belongs to the legis-

more stringent test for the repugnancy exception is therefore necessary to preserve the deference the judicial branch is to afford the considered judgment of the politically-elected legislative branch.

The reasons the dissents offer to prevent reading "owners" in the plural do not meet the stringent repugnancy standard. The dissents argue that the repugnancy exception is met based on the joint ownership provision within the definition of "owner." Minn.Stat. § 169A.63, subd. 1(h). The relevant language provides: "[I]f a motor vehicle is owned jointly by two or more people, each owner's interest extends to the whole of the vehicle and is not subject to apportionment." *Id.* Justice Page particularly focuses on this statutory language defining "owner" in his dissent, arguing that "[t]he last sentence of subdivision 1(h) can have no purpose but to instruct that, in section 169A.63, the principle that the singular includes the plural does *not* apply and each owner is to be considered individually." We disagree. This provision actually supports application of the singular-includes-the-plural canon. Because interests cannot be apportioned, the legislature seemingly intended that what happens to one owner should happen to all owners. Justice Paul Anderson's dissent offers a different interpretation of this provision, explaining that the provision evinces a legislative intent "to protect the innocent joint owner from losing his entire interest." But the fact that this part of the definition of owner can be interpreted differently does not create an inconsistency or an irreconcilable conflict between this provision and application of the singular-includes-the-plural canon to the innocent owner defense. Accordingly, this provision does not render the canon repugnant to the context of the statute.

█ Justice Paul Anderson's dissent also argues for the repugnancy exception based on the provision in the innocent owner defense relating to the vehicle's use by "family or household members." Under this provision, "[i]f the offender is a family or household member of the owner and has three or more prior impaired driving convictions, the owner is presumed to know of any vehicle use by the offender that is contrary to law." Minn.Stat. § 169A.63, subd. 7(d). By its plain terms, this provision covers a situation where the offender is *not* an owner, but is a member of the owner's household or family. Justice Anderson's reading of the provision requires that we rewrite the statute and substitute the term "joint owner" in place of the current language—"a family or household member." *See id.* We cannot rewrite a statute under the guise of statutory interpretation. *See Genin v. 1996 Mercury Marquis,* 622 N.W.2d 114, 119 (Minn.2001) (stating that the court may not add words to a statute).

When the family or household member provision is considered as it is written, it does not render application of the singular-includes-the-plural canon irreconcilable with other language in the statute. To the contrary, the family and household member provision evinces the legislature's

---

lature, not to this court."); *State v. Rodriguez,* 754 N.W.2d 672, 684 (Minn.2008) (explaining that it is the province of the legislature, not the courts, to expand an accomplice corroboration statutory requirement to jury sentencing trials); *Isles Wellness, Inc. v. Progressive Northern Ins. Co.,* 703 N.W.2d 513, 524 (Minn.2005) (explaining that, while some of the original policy considerations supporting the corporate practice of medicine may need reexamination, the legislature, not the courts, is the appropriate forum to enact such policy change); *Haghighi v. Russian–American Broad. Co.,* 577 N.W.2d 927, 930 (Minn.1998) ("If the literal language of this statute yields an unintended result, it is up to the legislature to correct it.").

intent to constrain application of the innocent owner defense. This provision therefore does not make application of the singular-includes-the-plural canon to the innocent owner defense, which likewise limits the availability of the defense, repugnant to the context of statute.

■ For all of the foregoing reasons, we conclude that it is not inconsistent with the legislature's intent or repugnant to the context of the statute to apply the singular-includes-the-plural canon to the innocent owner defense. When we apply the canon, the statute is not ambiguous, and the plain language prohibits operation of the innocent owner defense unless the owners are innocent.

### D.

The court of appeals reached the opposite conclusion by relying on the canon of construction that punitive statutes, like the vehicle forfeiture statute, are to be construed strictly in favor of the challenging party. *Laase,* 755 N.W.2d at 25; *cf.* Minn.Stat. § 609.531, subd. 1a (2008) (noting that criminal forfeiture statutes are to be "liberally construed" to give effect to the remedial purpose). But, before resorting to this canon, the court concluded that subdivision 7(d) fails to address the facts of this case, which creates "doubt" as to the interpretation of subdivision 7(d). *Laase,* 755 N.W.2d at 25.

Justice Paul Anderson reaches the same conclusion in his dissent. Justice Anderson finds that the statute is ambiguous only because he declines to apply the singular-includes-the-plural canon. But before finding the language ambiguous, we must read the language in section 169A.63, subd. 7(d), providing for the innocent owner defense. In reading the words that the legislature used in the innocent owner defense, the legislature has directed that "the singular includes the plural." Minn. Stat. § 645.08(2). Thus, Justice Anderson's dissent is in error when he reaches to find an ambiguity before he reads the statute as the legislature has directed it to be read.

The plain language of the statute, when read in accord with the legislature's directive in section 645.08 that these "canons on interpretation are to govern," does not fail to address the facts at hand or leave doubt as to how the innocent owner defense applies. The singular-includes-the-plural canon applies to create instruction under subdivision 7(d) for the forfeiture of a vehicle with multiple owners. This reading does not require prohibited amendment to the statute, as the court of appeals and the dissents seem to suggest. Moreover, because the plain meaning of the statute directs forfeiture of the vehicle, the common law canon of construction on which the court of appeals and Justice Anderson's dissent rely is not applicable. *See Riley v. 1987 Station Wagon,* 650 N.W.2d 441, 443 (Minn.2002) (noting that "we strictly construe" the forfeiture law "and resolve any doubt [in its applicability] in favor of the party challenging [the forfeiture]").[10]

In sum, while Mr. Laase may be an innocent owner, Ms. Laase is not. Because Ms. Laase is both an owner and the offender, we hold that the "innocent owner" defense does not apply, and that the

---

**10.** Justice Anderson's dissent cites no authority for its seeming conclusion that judicial disfavor of an outcome will affect interpretation of a statute even in the face of the legislature's plain language that effectuates that outcome. The law is to the contrary. *See Ja-* *cobson v. $55,900 in U.S. Currency,* 728 N.W.2d 510, 521 & n. 7 (Minn.2007) (relying on "disfavored status" of forfeiture only after first concluding the language of the forfeiture statute was "ambiguous") (Anderson, P., J., majority opinion).

vehicle was properly forfeitable under section 169A.63. We recognize that the result in this case may be open to question on policy grounds, and we do not disagree with Justice Paul Anderson's view about the importance of private property rights. But in the absence of a constitutional challenge, which we do not have in this case, it is the role of the legislature, not the courts, to rewrite the statute to provide greater protection for private property.[11] The public policy arguments therefore should be advanced to the legislature, the body that crafted the language that compels the result here.

Reversed.

ANDERSON, G. BARRY, Justice (concurring).

I concur with the majority opinion, but write separately to make two points. First, joint ownership of a motor vehicle is a serious matter involving certain responsibilities and potential liability. For instance, the Safety Responsibility Act, Minn.Stat. § 169.09, subd. 5a (2008), imposes liability on an owner of a motor vehicle if someone other than the owner operates a vehicle with the owner's express or implied consent and causes an accident. Given, however, that the legislature did not provide for an innocent owner defense to joint owners in the Safety Responsibility Act, it is difficult to argue that it is inherently repugnant that the legislature refrained from extending the innocent owner defense under Minn.Stat. § 169A.63, subd. 7(d) (2008), to joint owners.

Second, the U.S. Supreme Court has stated that "forfeiture generally and statutory *in rem* forfeiture in particular historically have been understood, at least in part, as punishment." *Austin v. United States*, 509 U.S. 602, 618, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In addition, "[f]orfeitures are not favored; they should be enforced only when within both letter and spirit of the law." *United States v. One 1936 Model Ford V–8 De Luxe Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249 (1939). Based on these statements from the U.S. Supreme Court, we have said that "to the extent that the forfeiture law at issue here is, in part, 'punishment' and, therefore, disfavored generally, we strictly construe its language and resolve any doubt in favor of the party challenging it." *Riley v. 1987 Station Wagon*, 650 N.W.2d 441, 443 (Minn.2002). The approach we adopt here satisfies the obligation to strictly construe the language of the forfeiture statute.

That said, there is reason to question the balance struck by the legislature between various competing interests. For example, given the general disfavor of forfeiture statutes, the wisdom of vesting the right to possession of a forfeited vehicle in the law enforcement agency responsible for the arrest of a defendant and the forfeiture of a defendant's vehicle is not immediately evident. *See* Minn.Stat. §§ 169A.63, subds. 1(b), 2, and 3 (2008). But such issues are for the legislature to address, not this court.

---

11. Mr. Laase did not argue that his constitutional rights would be violated in the absence of operation of the innocent owner defense. We therefore do not address that question. *See Bennis v. Michigan,* 516 U.S. 442, 446, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996) (holding that a vehicle owner who does not know of a joint owner's unlawful use does not have a constitutional right to assert an innocent owner defense in a forfeiture proceeding).

DIETZEN, Justice (concurring).

I join in the concurrence of Justice G. Barry Anderson.

ANDERSON, PAUL H., Justice (dissenting).

"The personal right to acquire property, which is a natural right, gives to property, when acquired, a right to protection, as a social right."—James Madison, Speech in the Virginia Constitutional Convention, (Dec. 2, 1829), *in* 9 *The Writings of James Madison* 358, 361 (Gaillard Hunt ed. 1910).

I respectfully dissent. The ability of a government entity to seize a person's private property is among the most awesome powers a government can wield, and as such, its use is generally disfavored. Because this power is so awesome and disfavored, we have in the past and must continue to narrowly construe statutes authorizing its use and resolve any doubts about its proper exercise in favor of the party who is subject to having his or her property seized. Further, given that the power to seize a person's property carries with it the potential for misuse, courts of justice must carefully scrutinize how the government exercises that power.

In the case before us, I conclude that the legislature did not intend for an innocent joint owner to lose statutory protection against forfeiture of his motor vehicle, therefore I believe the majority's interpretation of the relevant statute is wrong. Accordingly, I would affirm the result reached by the district court and the court of appeals and hold that the innocent owner defense is available to David Laase as a joint owner of the 2007 Chevrolet Tahoe seized by the police.

Minnesota's DWI forfeiture statute allows some government agencies to seize a motor vehicle and divest the motor-vehicle owner of his interest when the vehicle has been used to commit certain designated offenses or has been used in conduct resulting in a designated license revocation. Minn.Stat. § 169A.63 (2008). Refusal to submit to a chemical test for intoxication is a criminal offense under Minn.Stat. § 169A.20 (2008) and a designated offense under the DWI forfeiture statute. Minn. Stat. § 169A.63, subd. 1(e)(2). A prosecuting authority may pursue forfeiture by filing a complaint against the motor vehicle used to commit the designated offense. Minn.Stat. § 169A.63, subd. 9(b) (2008).

The forfeiture statute contains certain protections for motor-vehicle owners who are not offenders themselves. A seized motor vehicle must be returned to its owner if that owner meets the requirements of Minn.Stat. § 169A.63, subd. 7(d) (2008), a provision known as the "innocent owner defense." Minn.Stat. § 169A.63, subd. 9(g); *see also Laase v. 2007 Chevrolet Tahoe*, 755 N.W.2d 23, 24 (Minn.App.2008). Subdivision 7(d) requires a motor-vehicle owner to demonstrate by clear and convincing evidence that he lacked actual or constructive knowledge that the motor vehicle would be used or operated in any manner contrary to law or that the owner took reasonable steps to prevent the offender's use of the motor vehicle. Under subdivision 7(d), if the offender is a family or household member of the owner and the offender has three or more prior driving convictions, the owner is presumed to know about the offender's "vehicle use contrary to law."

Minnesota Statutes § 169A.63, subd. 1(h), defines an "owner" as "a person legally entitled to possession, use, and control of a motor vehicle." Under the statute, there is a rebuttable presumption that a person registered as the owner of a motor vehicle according to the records of the Department of Public Safety is the legal owner. Minn.Stat. § 169A.63, subd.

1(h). The statute provides that "if a motor vehicle is owned jointly by two or more people, each owner's interest extends to the whole of the vehicle and is not subject to apportionment." Minn.Stat. § 169A.63, subd. 1(h).

I disagree with the majority's new rule that all joint owners of a motor vehicle must be innocent in order for any owner to employ the innocent owner defense in Minn.Stat. § 169A.63, subd. 7(d). To arrive at this interpretation of the forfeiture statute, the majority employs a canon of statutory construction from Minn.Stat. § 645.08(2) (2008), which directs that "the singular includes the plural." But, according to the statute, this canon of statutory construction should not govern if its application "involve[s] a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute." Minn.Stat. § 645.08 (2008). By dissenting, I seek to appropriately follow the legislature's instructions in section 645.08 to analyze whether the singular-includes-the-plural canon is repugnant to the context of the statute and inconsistent with the legislature's manifest intent. Based on my analysis, I conclude that the singular-includes-the-plural canon should not govern.

I first address the repugnancy of the application of the singular-includes-the-plural canon to the DWI forfeiture statute. In determining whether the application of the singular-includes-the-plural canon is repugnant to the context of the DWI forfeiture statute, the first logical step is to identify the statute's context. The statute at issue addresses DWI forfeiture and is a quasi-penal statute. An action for forfeiture is a civil *in rem* action and is independent of any criminal prosecution. Minn. Stat. § 169A.63, subd. 9(a). While we have said that Minnesota's forfeiture statutes are remedial in nature and are to be

liberally construed, we have also acknowledged that they are punitive. *Riley v. 1987 Station Wagon,* 650 N.W.2d 441, 443 (Minn.2002) (citing *Austin v. United States,* 509 U.S. 602, 618, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993)). In *Austin,* the United States Supreme Court said that "forfeiture generally and statutory *in rem* forfeiture in particular historically have been understood, at least in part, as punishment." *Austin,* 509 U.S. at 618, 113 S.Ct. 2801. The Supreme Court has also stated that "[f]orfeitures are not favored; they should be enforced only when within both letter and spirit of the law." *United States v. One 1936 Model Ford V–8 De Luxe Coach,* 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249 (1939), *cited in Riley,* 650 N.W.2d at 443. To the extent that the DWI forfeiture statute at issue "is, in part, 'punishment' and, therefore, disfavored generally, we strictly construe its language and resolve any doubt in favor of the party challenging it." *Riley,* 650 N.W.2d at 443; *see also Jacobson v. $55,900 in U.S. Currency,* 728 N.W.2d 510, 521–22 (Minn.2007) (discussing disfavored status of civil forfeiture).

The context of the case before us involves a DWI forfeiture statute that contemplates *both* the ability of law enforcement agencies to seize and forfeit motor vehicles used in the commission of designated offenses *and* protection for innocent motor vehicle owners. Thus, the context within which we must conduct our analysis is a disfavored forfeiture statute that we must strictly construe which means that if we have any doubt about the application of the statute, that doubt is to be resolved in favor of joint owner David Laase. Here, some initial doubt with respect to the application of section 169A.63 exists because nowhere does the statute provide that the innocent owner defense is not available to a non-offending joint owner such as David Laase.

The next step in our analysis is to determine whether application of the singular-includes-the-plural canon is repugnant in this context. I view the majority's use of the repugnancy standard as problematic because it is too rigorous. While repugnancy may be a high hurdle, it is not as high a hurdle as the majority claims.

The only Minnesota case that the majority cites to support its interpretation of repugnancy is *Farmers & Merchants State Bank of Pierz v. Bosshart*, 400 N.W.2d 739 (Minn.1987). In *Bosshart*, we held that the application of the relevant canon in section 645.08 *was* repugnant to the context of the statute at issue, reasoning that two of the statute's terms had "no logical relationship" to each other. 400 N.W.2d at 743. The majority characterizes our holding in *Bosshart* as recognizing the "heavy burden" of the repugnancy requirement. While we held that the lack of a logical relationship rendered the application of the canon repugnant in *Bosshart*, we did not define repugnancy or discuss the requirements of the repugnancy standard. *Id.* at 743–44. Moreover, we did not use the term "heavy burden" or "high hurdle."

Further, the majority states that application of the singular-includes-the-plural canon is not "irreconcilable" with the rest of the DWI forfeiture statute and is therefore not repugnant. But repugnancy is broader than irreconcilability. The Iowa Supreme Court concluded the word repugnant "presents a high hurdle" and then further defined repugnancy, stating that in order to clear this "high hurdle" a canon's application must be *"inconsistent,* irreconcilable, *or in disagreement with the other language of a statute." Baker v. Shields*, 767 N.W.2d 404, 409 (Iowa 2009) (emphasis added). Courts, in foreign jurisdictions as well as our own, have interpreted repugnancy to encompass a broad range of concepts including the lack of a logical relationship, inconsistency, and disagreement.

Here, the different provisions within the DWI forfeiture statute create doubt. Minnesota Statutes § 169A.63, subds. 6 and 7(a)(1), enable the forfeiture of a motor vehicle whose driver is convicted of a designated offense. Subdivision 7(d) prevents forfeiture of the motor vehicle of an innocent owner. Subdivision 1(h) states that each joint owner's interest extends to the whole of the motor vehicle and is not subject to apportionment. Given the Supreme Court's, and indeed our own, disfavor for civil forfeiture, I conclude that construing the DWI forfeiture statute in a way that resolves doubt in favor of the State and strips joint owners of the innocent owner defense is repugnant to the context of the statute.

Moreover, applying the singular-includes-the-plural canon to the word "owner" in subdivision 7(d) is inconsistent with, and therefore repugnant to, the rest of the language in 7(d). Subdivision 7(d) provides that an owner whose family member used or operated the motor vehicle in a manner contrary to law is able to use the innocent owner defense unless the family member has three or more prior impaired driving convictions. Substituting "owners" for "owner" in subdivision 7(d) strips the protection provided by section 7(d) from a large cross section of family members—those who jointly own a motor vehicle.

For all the reasons discussed above, I conclude that the application of the canon of construction from Minn.Stat. § 645.08(2) is repugnant to the context of Minn.Stat. § 169A.63, and therefore I would not read "owner" to mean "owners" as the majority does.

I also conclude that holding that "owner" means "owners" in subdivision 7(d) of the DWI forfeiture statute results in a construction that is inconsistent with the

manifest intent of the legislature. The singular-includes-the-plural canon should not govern when the result of its use is the construction of a statute that is inconsistent with the legislature's manifest intent. *See* Minn.Stat. § 645.08.

The DWI forfeiture statute defines "owner." Under this definition, "if a motor vehicle is owned jointly by two or more people, each owner's interest extends to the whole of the vehicle and is not subject to apportionment." Minn.Stat. § 169A.63, subd. 1(h). This language suggests that the legislature intended to protect the innocent joint owner from losing his entire interest. Had the legislature intended that a joint owner should lose his entire interest in a forfeiture action involving a joint-owner offender, the legislature could easily have specifically stated as much. The legislature did not so state.

A second indication that the majority's construction is inconsistent with the manifest intent of the legislature is the statute's presumption regarding when an owner has actual or constructive knowledge of the offending family or household member's motor-vehicle use. If the offender is a family or household member of the owner and has three or more prior driving convictions, the statute presumes the owner knows about the offender's prior violations. Minn.Stat. § 169A.63, subd. 7(d). That the presumption is not triggered until the offender has three prior convictions is another sign that the legislature intended to extend the innocent owner defense to some family or household members. In some cases, the family or household members will include joint owners, as here. Yet nothing in subdivision 7(d) excludes joint owners from those qualifying as family or household members. Because the use of the singular-includes-the-plural canon from Minn.Stat. § 645.08 results in a construction that is inconsistent with the manifest

intent of the legislature, I conclude that we should not apply it here.

Former United States Supreme Court Justice Joseph Story once said, "[a]nd it is no less true that personal security and private property rest entirely upon the wisdom, the stability, and the integrity of the courts of justice." Joseph Story, 2 *Commentaries on the Constitution of the United States* 392 (Melville M. Bigelow ed., 5th ed. 1981) (1833). I agree with Justice Story's observation on the role of courts of justice and believe we must fulfill that role here. Thus, I conclude that the court of appeals was correct in affirming the district court's finding and would hold that David Laase is entitled to utilize the innocent owner defense and the return of his motor vehicle.

PAGE, Justice (dissenting).

I join in the dissent of Justice Paul H. Anderson.

PAGE, Justice (dissenting).

I respectfully dissent. The court reaches its result by applying the statutory construction principle that "the singular includes the plural; and the plural, the singular." *Supra* at 435 (citing Minn.Stat. § 645.08(2) (2008)). But it does so in the very place that the legislature instructs that it not be used: when its use "would involve a construction inconsistent with the manifest intent of the legislature" or is "repugnant to the context of the statute." Minn.Stat. § 645.08 (2008). In the process, the court also violates another principle of statutory construction: that "the legislature intends the entire statute to be effective and certain." Minn.Stat. § 645.17(2) (2008). In contrast, construing "owner" in the operative statute, Minn.Stat. § 169A.63 (2008), as singular rather than plural is consistent with both of these principles.

Minnesota Statutes §· 169A.63 allows for the forfeiture of a motor vehicle that has been used in the commission of one of a list of designated offenses, including driving while intoxicated. However, under section 169A.63, subdivision 7(d), the vehicle is not subject to forfeiture if "its owner" can demonstrate by clear and convincing evidence that "the owner" did not have actual or constructive knowledge that the vehicle would be used or operated contrary to law:

A motor vehicle is not subject to forfeiture under this section if its owner can demonstrate by clear and convincing evidence that the owner did not have actual or constructive knowledge that the vehicle would be used or operated in any manner contrary to law or that the owner took reasonable steps to prevent use of the vehicle by the offender. If the offender is a family or household member of the owner and has three or more prior impaired driving convictions, the owner is presumed to know of any vehicle use by the offender that is contrary to law.

The court applies the principle that "the singular includes the plural" to construe subdivision 7(d) to require that *all* of the vehicle's owners be able to demonstrate by clear and convincing evidence that *none* of them knew the vehicle would be used to commit the designated offense. In other words, the court construes subdivision 7(d) to read as follows:

A motor vehicle is not subject to forfeiture under this section only if *every owner* can demonstrate by clear and convincing evidence that *each owner* did not have actual or constructive knowledge that the vehicle would be used or operated in any manner contrary to law or that *each owner* took reasonable steps to prevent use of the vehicle by the offender. If the offender is a family

or household member of the "owners" and has three or more prior impaired driving convictions, *each owner* is presumed to know of any vehicle use by the offender that is contrary to law.

(Emphasis added.) Read as the court does, that is a burden that Mr. and Mrs. Laase cannot meet here, because Mrs. Laase was driving the vehicle while intoxicated. We should not read into the statute language that the legislature has left out, either purposely or inadvertently. *Wallace v. Comm'r of Taxation,* 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971).

The legislature has provided a definition of "owner" to be used in section 169A.63. For purposes of section 169A.63:

"Owner" means a person legally entitled to possession, use, and control of a motor vehicle, including a lessee of a motor vehicle if the lease agreement has a term of 180 days or more. There is a rebuttable presumption that a person registered as the owner of a motor vehicle according to the records of the Department of Public Safety is the legal owner. For purposes of this section, if a motor vehicle is owned jointly by two or more people, each owner's interest extends to the whole of the vehicle and is not subject to apportionment.

Minn.Stat. § 169A.63, subd. 1(h). The last sentence of subdivision 1(h) can have no purpose but to instruct that, in section 169A.63, the principle that the singular includes the plural does *not* apply and each owner is to be considered individually.

I would construe the word "owner" to refer to each individual owner throughout section 169A.63. Thus, under subdivision 7(d), a vehicle is not subject to forfeiture if any of its owners can demonstrate that he or she, individually, did not know the vehicle would be used contrary to law. Similarly, under subdivision 7(d), it is up to each of the owners to demonstrate that he

or she "took reasonable steps to prevent use of the vehicle by the offender." An owner that can make the required showing cannot be divested of his or her interest in the vehicle, which subdivision 1(h) instructs extends to the whole of the vehicle. Because Mr. Laase made the required showing, I would hold that his interest in the vehicle is not subject to forfeiture.

I therefore dissent.

MEYER, J. (dissenting).

I join in the dissent of Justice Page.