# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0331

In the Matter of:
Ellen Sue Laas Ewald, et al., petitioners,
Appellants,

vs.

Nina Laas Ewald Nedrebo,
Respondent.

**Filed December 11, 2023**
**Affirmed**
**Slieter, Judge**

Hennepin County District Court
File No. 27-FA-20-2018

Gary A. Debele, Messerli & Kramer, P.A., Minneapolis, Minnesota (for appellants)

John C. Gunderson, Meier, Kennedy & Quinn, Chartered, St. Paul, Minnesota (for respondent)

Considered and decided by Gaïtas, Presiding Judge; Slieter, Judge; and Halbrooks, Judge.[*]

## SYLLABUS

A parent whose child is subject to a grandparent-visitation order pursuant to Minn. Stat. § 257C.08 (2022), but not to an order awarding parenting time to the child's other parent, is not required to satisfy the provisions of Minn. Stat. § 518.175, subd. 3 (2022), before relocating with the child out of state.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

**SLIETER**, Judge

Appellants Ellen Laas Ewald and Terje Mikalsen challenge the modification of their grandparent-visitation order, claiming that the district court erred by failing to apply Minn. Stat. § 518.175, subd. 3 ("Move to another state"), to respondent Nina Laas Nedrebo's relocation of her child's residence out of state. Because the district court properly concluded that Minn. Stat. § 518.175, subd. 3, does not apply to the relocation, and it correctly applied Minn. Stat. § 518.18 (2022) in considering modification of the grandparent-visitation order, we affirm.

## FACTS

Ewald and Mikalsen are maternal grandparents of the minor child, M.T.N. M.T.N. was born in 2016 to Nedrebo in Norway. After M.T.N. was born, Norwegian authorities removed the child from Mother's care because of mental-health concerns involving Mother. Grandmother traveled to Norway and helped Mother regain custody of M.T.N., and then Mother and M.T.N. moved to Grandparents' home in Minnesota that same year. Once Mother moved to Minnesota, she began taking graduate classes. Grandmother cared for M.T.N. during Mother's classes.

Mother and M.T.N. moved to a nearby apartment in August 2019, and Grandmother continued to provide care for the child when Mother was busy with graduate school. In late 2019, Mother told Grandparents about her plan to move with M.T.N. to Massachusetts for a new job. Grandparents opposed the move due to concerns about Mother's prior mental-health challenges. Grandparents commenced an interested third-party custody

2

action pursuant to Minn. Stat. § 257C (2022), seeking custody or, in the alternative, visitation. Though their custody request was denied, the district court awarded significant grandparent visitation, including every third weekend, every other Tuesday afternoon, two days during M.T.N.'s spring break, and two weeks during the summer. Mother retained sole physical and sole legal custody of M.T.N. M.T.N.'s father has not been involved in her life and does not have a parenting time order.

Mother and M.T.N. moved to Massachusetts in June 2022. Following the move, Mother filed a motion with the district court to modify the grandparent-visitation order. Grandparents filed responsive motions with the district court to compel Mother to return M.T.N. to Minnesota and, pursuant to Minn. Stat. § 518.175, subd. 3, prohibit Mother from relocating M.T.N.'s residence to Massachusetts. The district court concluded that Minn. Stat. § 518.175, subd. 3, did not apply to grandparent-visitation rights regarding Mother's decision to relocate M.T.N.'s residence out of state. Instead, the district court considered section 257C.06, which requires courts to apply the procedures of section 518.18 to a modification of an order established pursuant to section 257C. The district court granted Mother's request to modify the existing grandparent-visitation order, allowing M.T.N. to reside in Massachusetts and requiring Grandparents' visits to occur there.

Grandparents appeal.

## ISSUES

I.    Did the district court properly conclude that Minn. Stat. § 518.175, subd. 3, does not apply to Mother's out-of-state relocation with her child?

3

II.     Did the district court properly apply Minn. Stat. § 518.18 to a modification of the grandparent-visitation order?

## ANALYSIS

Our analysis begins by considering which statute applies to the modification of Grandparents' visitation order, particularly when the modification is the result of the decision by Mother—the child's sole physical and sole legal custodian—to relocate with M.T.N. to another state. When interpreting statutes, this court first determines whether the statute is ambiguous. *Christianson v. Henke*, 831 N.W.2d 532, 536-37 (Minn. 2013). In deciding whether a statute is ambiguous, this court applies the plain and ordinary meaning of the words and phrases in the statute. *Id.* A statute is ambiguous only if there is more than one reasonable interpretation of its language. *Id.* When reading a statute, this court reads and construes the statute as a whole to ensure words and phrases are understood within the context of the statute. *In re Dakota County*, 866 N.W.2d 905, 909 (Minn. 2015). If a statute is not ambiguous, then this court applies the statute as written. *Christianson*, 831 N.W.2d at 537.

Grandparents have visitation with M.T.N. established pursuant to Minn. Stat. § 257C.08. Grandparents ask this court to reverse the district court's order, which now requires that grandparent visits occur in Massachusetts, the new residence of Mother and M.T.N. We first consider whether the district court correctly concluded that, in this grandparent-visitation proceeding pursuant to section 257C, Minn. Stat. § 518.175, subd. 3, does not apply to Mother's relocation with M.T.N. out of state.

4

## I.

Grandparents argue that the district court erred in its interpretation of section 257C.02. Specifically, Grandparents argue that, because section 257C.02 incorporates all of chapter 518, and section 518.175, subdivision 3 restricts relocation of the child out of state unless certain best-interests factors are met, the district court erred by failing to apply section 518.175, subdivision 3.

Section 257C.02, in relevant part, states that chapter 518 applies "to third-party and de facto *custody* proceedings unless otherwise specified in this chapter." (Emphasis added.) We review issues of statutory interpretation *de novo*. *Lewis-Miller v. Ross*, 710 N.W.2d 565, 568 (Minn. 2006) (citation omitted).

The district court reasoned that, because Grandparents have visitation rights pursuant to chapter 257C, not custody rights, the incorporation of chapter 518 described in Minn. Stat. § 257C.02 does not apply.

Grandparents contend that section 257C.02 is ambiguous and, therefore, we must apply the factors set forth in Minn. Stat. § 645.16 (2022) to ascertain its meaning. And if we do so, Grandparents further argue that the statute should be broadly interpreted to involve all third-party proceedings, including visitation. *See Christianson*, 831 N.W.2d at 537 (holding that if a statute is ambiguous, then this court can look to different factors for interpreting the statute set out by the legislature) (citation omitted). We disagree.

As we note above, section 257C.02 incorporates the application of chapter 518 to "third-party and de facto *custody* proceedings." (Emphasis added.) This section of the statute nowhere references visitation proceedings, instead addressing only a narrow

subsection of custody proceedings—those involving an interested third party or a *de facto* custodian. This court will not "rewrite a statute under the guise of statutory interpretation." *Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 438 (Minn. 2009). Similarly, we cannot add language that the legislature did not include. *Rohmiller v. Hart*, 811 N.W.2d 585, 590 (Minn. 2012). Because the statute is clear, we conclude that the unambiguous text of section 257C.02 incorporates chapter 518 for interested third-party custody and *de facto* proceedings, not a grandparent-visitation order.

Because the reference to chapter 518 in section 257C.02 does not apply to a grandparent-visitation order, the district court correctly concluded that section 518.175, subdivision 3, does not apply to Mother's relocation with M.T.N. out of state. We next consider whether the district court properly applied section 518.18 to the grandparent-visitation-modification motion.

**II.**

We review grandparent-visitation orders for an abuse of discretion. *Givens v. Darst*, 800 N.W.2d 652, 654 (Minn. App. 2011), *rev. denied* (Minn. Aug. 25, 2011). A district court abuses its discretion if its findings are unsupported by the evidence, if it does not properly apply the law, or if its decision goes against logic and the facts on the record. *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022) (quoting *Bender v. Bernhard*, 971 N.W.2d 257, 262 (Minn. 2022). If the district court's findings are not supported or if the district court does not properly apply the law, then this court will reverse the district court's decision. *Id.* Because this is a modification of visitation, we look to the procedure and

6

factors the district court used when deciding to modify the existing grandparent-visitation order.

Grandparents argue that the district court abused its discretion in two ways. First, Grandparents argue that the district court should not have applied section 518.18 to modify a grandparent-visitation order because section 518.18 refers to the modification of custody or parenting plans. Second, Grandparents argue that the district court abused its discretion by finding that relocation of M.T.N.'s primary residence to Massachusetts was in M.T.N.'s best interests. We consider each argument in turn.

Grandparents' visitation with M.T.N. was established pursuant to section 257C.08, subdivision 3. Section 257C.08 does not establish a procedure for modifying a grandparent-visitation order. However, section 257C.06, titled "Modification," states the following: "The procedures in section 518.18 for modification of a custody order also govern modification of *an* order under this chapter." (Emphasis added). The district court concluded that Grandparents' visitation order—undisputedly issued under Minn. Stat. § 257C.08, subd. 3—was "an" order under chapter 257C.

We will follow the plain language of a statute if it is unambiguous. *Christianson*, 831 N.W.2d at 536-37. And the legislature, by its language in section 257C.06, unambiguously referred to section 518.18 as the proper procedure to modify "an" order under chapter 257C. Because Grandparents' visitation is based upon "an" order pursuant to chapter 257C, we agree with the district court that the procedures of section 518.18 are to be used when modifying that visitation order.

We next consider Grandparents' argument that, even if it was not error for the district court to apply section 518.18, it clearly erred in its application of the best-interests factors.

Caselaw "leaves scant if any room for an appellate court to question the [district] court's balancing of best-interests considerations." *Vangsness v. Vangsness*, 607 N.W.2d 468, 477 (Minn. App. 2000). As required when considering modification pursuant to section 518.18, the district court first determined that Mother had made a *prima facie* case for modification of grandparent visitation based upon endangerment due to the constant travel and its effects on M.T.N.'s emotional wellbeing. *See Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008); Minn. Stat. § 518.18(d). Following that determination, the parties waived an evidentiary hearing and, instead, submitted multiple affidavits with exhibits along with written legal arguments.

In its order and judgment granting modification of grandparent visitation, the district court applied the best-interests factors listed in Minnesota Statutes section 518.17 (2022). Section 518.17 identifies twelve factors, and the district court made careful, detailed findings for each of the best-interests factors in its order. Based on its findings, the district court found that relocation to Massachusetts was in M.T.N.'s best interests and modified Grandparents' visitation order to have visits occur in Massachusetts. We will not disturb the district court's decision unless it abused its discretion by making a decision unsupported by the facts. The record supports the district court's best-interests findings. *See In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221-22 (Minn. 2021) (discussing, in detail, the clear error standard appellate courts use to review a district court's findings of fact and

8

stating, among other things, that "an appellate court need not go into an extended discussion of the evidence to prove or demonstrate the correctness of the findings of the [district] court" (quotations omitted)); *Bayer v. Bayer*, 979 N.W.2d 507, 513 (Minn. App. 2022) (citing *Kenney* in a family-law appeal); *see also Cook v. Arimitsu*, 907 N.W.2d 233, 240 n.3 (Minn. App. 2018) (applying this idea in a family-law appeal), *rev. denied* (Minn. Apr. 17, 2018); *Vangsness*, 607 N.W.2d at 472 (discussing the clear error standard of review).

Grandparents repeat their argument that the district court erred by not properly considering the correct statutory relocation factors found in section 518.175, subdivision 3, and by not considering those best-interests factors in the context of the record created by prior visitation orders when it decided to modify the visitation order. As we have already concluded, the district court was correct not to apply section 518.175, subdivision 3, to this grandparent-visitation motion.

Grandparents do not argue that the factual findings involving the best-interests factors are clearly erroneous as unsupported by the record. Instead, they claim the district court reached the wrong result by its findings. But we do not find facts, nor will we change the district court's decision unless it is clearly erroneous. *See Rodgers v. Knauff*, 649 N.W.2d 166, 174 (Minn. 2002) (holding that district courts have broad discretion in deciding custody matters and appellate review is limited to determining whether the district court abused that discretion); *see also Vangsness*, 607 N.W.2d at 472 (holding that this court will uphold a district court's findings of fact unless they are clearly erroneous). Because the district court based its findings on its assessment of the credibility of the

9

witnesses, which we leave to the sound judgment of the district court, we affirm its decision. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988).

## DECISION

We hold that section 518.175, subdivision 3, does not apply when a parent is relocating out of state with a child who is subject to a grandparent-visitation order pursuant to chapter 257C and when there is no parenting time order with another parent. We also conclude that the district court properly applied section 518.18 to the modification of the grandparent-visitation order and acted within its discretion.

**Affirmed.**