# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2967/3024/3074

_____

Stephanie Wells Cotton, Individually          *
and as Administrator for the Estate           *
of Edna Giles-Vaughn, Deceased;               *
                                              *
           Plaintiff - Appellant,             *
                                              *
Joyce Ann Dunn, Individually and as           *
Executrix of the Estate of Versie Mae         *
Buchanan, Deceased; Darrell Vaughn,           *
Individually and as Executor of the           *
Estate of Robert Vaughn, Deceased;            *
                                              *
           Plaintiffs,                         *
                                              *   Appeal from the United States
           v.                                  *   District Court for the Eastern
                                              *   District of Arkansas.
                                              *
Commodore Express, Inc.; Ryder                *
Truck Rental, doing business as               *
Ryder Transportation Services, Inc.;          *
Eddie Stephenson, doing business as           *
Stephenson Trucking;                          *
                                              *
           Defendants - Appellees,            *
                                              *
Old Republic Insurance Company;               *
                                              *
           Defendant - Appellee,              *
                                              *

Ronald Valentine;                        *
                                         *
         Intervenor Below.              *

                          _____

                   Submitted: January 12, 2006
                     Filed: August 18, 2006
                          _____

Before LOKEN, Chief Judge, MCMILLIAN[1] and MELLOY, Circuit Judges.
                          _____

MELLOY, Circuit Judge.

       The plaintiffs represent persons killed during a multi-vehicle accident in Arkansas that involved a tractor-trailer driven by an employee of Commodore Express, Inc. ("Commodore"). Commodore leased the truck from Ryder Transportation Services, Inc. ("Ryder"). The plaintiffs sought a declaratory judgment stating that an excess insurance policy issued by Old Republic Insurance Company ("Old Republic") to Ryder covered Commodore and the plaintiffs were entitled to the proceeds from that policy. The district court[2] granted summary judgment in favor of Old Republic. We affirm.

I. Background

       Ryder leased a number of vehicles to Commodore, including the tractor-trailer involved in this case. The leases were governed by an agreement entered into on May

_____

       [1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

       [2]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

8, 1998 (the "lease agreement"). The lease agreement required Ryder to provide liability insurance that covered both Ryder and Commodore, for the vehicles leased by Commodore, in combined single limits of $1 million per occurrence. The lease agreement did not mention excess coverage.

Ryder obtained its insurance coverage through two policies with Old Republic. Each policy covered Ryder's entire fleet and was not linked to specific vehicles. Policy Z-35726 (the "primary policy") provided $1 million per occurrence for an accident involving a Ryder-owned vehicle. The primary policy also covered Ryder's lessees whenever Ryder's contract with a lessee required Ryder to provide insurance. All parties agree that this policy covered Commodore. Policy ZL 188 (the "excess policy") provided Ryder with additional coverage of $6 million per occurrence beyond that provided in the primary policy. The district court issued a partial summary judgment dismissing with prejudice all claims against Old Republic upon finding that the excess policy did not provide any coverage to Commodore. The plaintiffs filed this timely appeal.

II. Standard of Review

We review de novo the district court's grant of partial summary judgment. Miles v. A.O. Smith Harvestore Prods., Inc., 992 F.2d 813, 815 (8th Cir. 1993). This grant of partial summary judgment is immediately appealable because the district court issued it pursuant to Federal Rule of Civil Procedure 54(b). Porter v. Williams, 436 F.3d 917, 919 (8th Cir. 2006). Summary judgment is appropriate when, as here, there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005).

III. Choice of Law

We apply the choice-of-law principles of Arkansas to determine which substantive law to apply. See Heating & Air Specialists, Inc. v. Jones, 180 F.3d 923,

928 (8th Cir. 1999) (stating that federal district courts apply the choice-of-law provisions of the state in which they sit in diversity cases). Under these principles, the appellants argue that the substantive laws of Tennessee should be applied because Commodore is a Tennessee corporation, Ryder has offices in Tennessee, the lease agreement between Ryder and Commodore was entered into in Tennessee, and the tractor-trailer involved in the accident was titled and licensed in Tennessee.

The appellees contend that the substantive laws of Florida are appropriate because that state serves as Ryder's headquarters and is the location of the most significant portion of Ryder's fleet–the property being insured by the Old Republic policies. The appellees also argue that only the circumstances surrounding the excess policy between Ryder and Old Republic are relevant, not those surrounding the lease agreement between Ryder and Commodore. The policy was issued in Wisconsin by a Pennsylvania insurance company with corporate headquarters in Illinois. The policy was issued to the parent corporation of the Ryder leasing company, which is headquartered in Florida.

We need not decide which state's law to apply because we find that the appellees would prevail under the laws of either state. See, e.g., Leonards v. S. Farm Bureau Cas. Ins. Co., 279 F.3d 611, 612 (8th Cir. 2002) (finding it unnecessary to resolve a choice-of-law conflict when the relevant legal principles were the same in both states at issue). Because the appellants contend Tennessee law is more favorable to the appellants, and the appellees do not disagree, however, we will presume that Tennessee law applies for the purposes of this opinion.

IV. Analysis

The relevant substantive law of Tennessee includes insurance statutes and case law. When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the issues before us. In re Popkin & Stern, 340 F.3d 709, 717 (8th Cir. 2003). Decisions from intermediate state

courts are evidence of how the state supreme court might rule, but they are not binding. Id. The district court considered cases from the Tennessee Court of Appeals presented by both parties and ultimately found in favor of Old Republic. Although none of the cases cited by the district court is directly on point, the appellants offer no state precedent that is more persuasive.

The appellants argue that they are entitled to the proceeds of the excess policy because of the Tennessee Financial Responsibility Statute. Tenn. Code. Ann. § 56-7-1101. The applicable portion of that statute states:

Priority and Applicability of Coverages.

(a)(1) In all cases arising out of the use of a motor vehicle on which the owner of the motor vehicle has any insurance coverages, the owner's policy is primary if the vehicle is being operated with the permission of the owner and within the scope of the permission granted.

(2) Any other coverages which may be available to the permittee are not applicable unless and until the limits of all coverages provided by the owner's policy first are exhausted.

Tenn. Code Ann. § 56-7-1101 (2006).

The plaintiffs contend that § 56-7-1101 operates to make "any insurance" attained by an owner automatically flow through to cover any permissive users. As an employee of Commodore, the driver of the tractor-trailer was a "permissive user." Old Republic argues, and the district court held, that § 56-7-1101 makes an owner's coverage primary in the case of an accident, but does not automatically extend all of the owner's coverage to permissive users if the insurer did not contract for such a risk. In so holding, the district court relied in part on a decision of the Tennessee Court of Appeals.

In Lanius v. State Farm Mut. Auto. Ins. Co., No. 88-57-II, 1988 WL 72406 (Tenn. Ct. App. 1998) (unreported), the Tennessee Court of Appeals considered § 56-7-1101 and stated:

> [T]he statute merely provides that where the owner's policy provides a "coverage", that coverage will be primary. *Where a policy does not provide for a particular coverage, the statute does not make the insurance company responsible for a risk it did not assume*. . . . It follows that where no coverage is provided, or where it is excluded, the insurance carrier of the automobile owner has no responsibility for that loss.

Id. at *2. (emphasis added). We agree with this interpretation of the statute and conclude it would be followed by the Supreme Court of Tennessee. As such, we must examine the agreement between Ryder and Old Republic to determine whether Old Republic contracted to assume the risk of liability for Ryder's permissive users.

We believe it is clear that Old Republic did not intend for the excess policy to cover Ryder's lessees beyond the protection provided in Ryder's lease agreements. The excess policy contains an endorsement titled "DRIVERLESS AUTOS" which reads:

> It is agreed that such automobile liability insurance as is afforded by this Policy, including the Exclusions and Conditions applicable thereto, for bodily injury liability and property damage liability, applies to any one or more persons or organizations leasing/renting an automobile from any Named Insured subject to the following provisions:
>
> * * *
>
> 2. In addition to the other terms of this Policy, the insurance afforded to such lessee/renter, his agents or employees, or to any person or organizations legally responsible for the use of an automobile so leased/rented by such lessee/renter shall also be subject to the terms,

*including the limit or limits of liability, conditions, restrictions, and limitations in the lease/rental agreements*, providing the coverage afforded under this Policy is not thereby enlarged or extended.

(emphasis added). Because the excess policy is subject to the limits in the lease agreement between Ryder and Commodore, we must examine that document.[3]

Section 10 of the lease agreement states:

10. Liability Insurance and Indemnity

A. Liability Insurance
The party designated on Schedule A agrees to furnish and maintain a policy of automobile liability insurance at its sole cost with terms acceptable to Ryder and with limits per occurrence specified on each Schedule A for bodily injury and property damage liability, covering you and Ryder as insureds for the ownership, maintenance, use, and operation of the Vehicles and Substitute Vehicles. If Ryder extends the Liability Insurance, then this Agreement shall incorporate all the terms and conditions of the policy of Liability Insurance.

(Lease agreement, page 6). Section 13 of Schedule A of the lease agreement states:

Party Responsible for Liability Insurance: Ryder. *Combined Single Limits $1,000,000 per occurrence.* Customer Deductible: $1,000 per

---

[3]The plaintiffs argue that we cannot consider the document because section 56-7-102 of the Tennessee Insurance Statute requires an insurance policy to "contain the entire contract of insurance between the parties." Tenn. Code Ann. § 56-7-102 (2006). This provision does not preclude a court from considering documents other than the policy when those documents are explicitly referenced in the policy. See Loyd Farmers Mut. Fire Ins. Co., 838 S.W.2d 542, 545-46 (Tenn. Ct. App. 1992) (rejecting the plaintiff's claim that section 56-7-102 prevented the court from considering misstatements made by plaintiff in applying for insurance).

occurrence.  You agree that Ryder shall have the sole right to conduct accident investigations and administer claims handling and settlements and you shall adhere to and accept Ryder's conclusions and decisions.

(Lease Agreement, Schedule A, page 2) (emphasis added).

The plaintiffs argue that the "combined single limits" clause merely sets the minimum level of coverage Ryder had to provide and does not limit the liability of any party.  We disagree.  Under Tennessee law, the terms of a contract, including an insurance policy, are afforded their "plain, ordinary, and popular" meaning.  Griffin v. Shelter Mut. Ins. Co., 18 S.W.3d 195, 200 (Tenn Ct. App. 2000).  We believe that the plain meaning of this provision limits Ryder's liability to $1 million per occurrence.  Because the excess policy provides protection to lessees only to the extent of the limits provided in their lease agreements, Old Republic's liability is also limited to $1 million.  As that amount was covered by the primary policy, the excess policy is not implicated.

V. Conclusion

We have carefully considered all arguments raised by the appellants, including any arguments not directly addressed in this opinion.  For the foregoing reasons, we affirm the decision of the district court.

_____