# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2896

_____

| | | |
|---|---|---|
| David L. Laase, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| County of Isanti; Jeffrey R. Edblad, | * | District Court for the |
| Isanti County Attorney, in his official | * | District of Minnesota. |
| capacity; City of Cambridge, | * | |
| Minnesota; David Pajnic, Chief of | * | |
| Police, Cambridge, Minnesota, in his | * | |
| official capacity, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 16, 2011
Filed: April 20, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

After David Laase's Minnesota state-court challenge to the forfeiture of his vehicle failed, he brought a lawsuit in federal district court pursuant to 42 U.S.C. § 1983, claiming that the forfeiture of his vehicle violated the United States and

Minnesota Constitutions. The district court[1] concluded that, as a matter of Minnesota law, Laase's suit was *res judicata* and dismissed the case for failure to state a claim upon which relief could be granted. For reasons that follow, we affirm.

Under Minnesota's statutory forfeiture scheme, a vehicle is subject to forfeiture "if it was used in the commission of a designated offense," Minn. Stat. § 169A.63(6)(a), and "[a]ll right, title, and interest in a vehicle subject to forfeiture . . . vests in the appropriate agency upon commission of the conduct resulting in the designated offense," § 169A.63(3). However, upon seizure, the state agency must "serve the driver or operator of the vehicle with a notice of the seizure and intent to forfeit the vehicle," § 169A.63(8)(b), and the vehicle's owner may "file a demand for a judicial determination of the forfeiture," § 169A.63(8)(d). The state agency is permitted to file an answer to this demand, "including an affirmative counterclaim for forfeiture," § 169A.63(9)(c), but whether or not it does so, "[t]here is a presumption that a vehicle seized . . . is subject to forfeiture if the prosecuting authority establishes that the vehicle was used in the commission of a designated offense," § 169A.63(9)(e). The owner may raise a number of affirmative defenses to forfeiture, but she "bears the burden of proving any affirmative defense raised." *Id.*

In 2006, David Laase's wife was convicted of second-degree driving while impaired, *see* Minn. Stat. §§ 169A.20(2), 169A.25(1)(b), a designated offense under section 169A.63(1)(e). The County of Isanti, Minnesota, seized the Laases' 2007 Chevrolet Tahoe, and David Laase filed a demand for judicial determination, raising multiple affirmative defenses, including the "innocent owner" defense and a claim that the forfeiture statute is unconstitutional because "it violates the double jeopardy provisions of the Fifth and Fourteenth Amendments." Laase also asserted the unspecified affirmative defense that "the forfeiture statute . . . is unconstitutional,

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

-2-

both on its face and applied."[2]  The Minnesota district court ruled for Laase based on the innocent owner defense, concluding that Laase "did not actually or constructively know that his wife was going to use the vehicle in a manner contrary to the law." *Laase v. 2007 Chevrolet Tahoe*, No. CV-06-383, slip op. at 1 (10th Jud. Dist. Minn. June 19, 2007); *see* § 169A.63(7)(d).  The court did not address his constitutional claims.

The County appealed, and the Minnesota Court of Appeals affirmed, holding that "Minn. Stat. § 169A.63 does not authorize forfeiture of a vehicle used by one of its joint owners to commit a designated offense when the other joint owner has proved by clear and convincing evidence that he did not know the vehicle would be used in a manner contrary to law."  *Laase v. 2007 Chevrolet Tahoe*, 755 N.W.2d 23, 26 (Minn. Ct. App. 2008).  The court of appeals did not address any claim that the forfeiture statute was unconstitutional, either facially or as applied.  The Minnesota Supreme Court granted the County's petition for review and reversed, holding that "[b]ecause Ms. Laase is both an owner and the offender, . . . the 'innocent owner' defense does not apply, and . . . the vehicle was properly forfeitable."  *Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 439-40 (Minn. 2009).  The court reversed without remanding or addressing any of the other affirmative defenses raised by Laase before the Minnesota district court, including his constitutional claims, specifically noting that "Laase did not argue that his constitutional rights would be violated in the absence of operation of the innocent owner defense."  *Id.* at 440 n.11.

---

[2] We are unable to discern whether Laase intended this claim to be distinct from his double-jeopardy claim and, if so, what other constitutional basis he sought to assert.

Laase then brought suit in federal court, claiming that the forfeiture of his vehicle violated the takings clauses of both the Fifth Amendment[3] and Article I, section 13 of the Minnesota Constitution,[4] and the excessive fines clauses of the Eighth Amendment[5] and Article I, section 5 of the Minnesota Constitution.[6] The County moved to dismiss for lack of jurisdiction, based on the *Rooker-Feldman* doctrine or, alternatively, for failure to state a claim, based on state principles of *res judicata*. The federal district court concluded that *Rooker-Feldman* did not bar the suit but that the doctrine of *res judicata* did, and consequently the court granted the motion to dismiss for failure to state a claim. Laase appeals this dismissal.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim based on *res judicata*. *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). In conducting this review, we accept the plaintiff's factual allegations as true. *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876. (8th Cir. 2010). By enacting the Full Faith and Credit Statute, 28 U.S.C. § 1738, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). "The law of the forum that rendered the first judgment controls the res judicata analysis." *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir. 2008).

---

[3] "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

[4] "Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured." Minn. Const. art. I, § 13.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." Minn. Const. art. I, § 5.

Under Minnesota law, the disposition of an earlier claim constitutes a *res judicata* bar against the litigation of a subsequent claim where "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004). "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007). Where a plaintiff's claims come to a final judgment, that judgment "constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privi[]es, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated, therein." *Beutz v. A. O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 531 (Minn. 1988) (quoting *Youngstown Mines Corp. v. Prout*, 124 N.W.2d 328, 340 (Minn. 1963)). The parties in this lawsuit and in the former state proceedings are plainly the same, and Laase does not contend otherwise on appeal. He does challenge, however, each of the other three elements.

Laase urges that the first element is not met because his federal claims arise from different factual circumstances than the claims adjudicated in state court. The underlying facts—the arrest and conviction of Ms. Laase and the seizure of the vehicle—are the same. However, Laase suggests that although in state court he challenged the seizure and *forfeitability* of the vehicle, he now challenges its actual *forfeiture*. The state-court determination that his vehicle is forfeitable, he claims, constitutes a crucial additional fact. Indeed, Laase opines that his constitutional claims could not have been brought until the state judicial proceedings concluded, resulting in the determination of forfeitability, and until the County takes the additional step of procuring a judgment of forfeiture. Alternatively, because the County has pointed to no such judgment of forfeiture, Laase claims that the third element also is not met because there was no final judgment on the merits. Moreover,

because he could not have litigated his constitutional challenge to forfeiture until the state litigation determined forfeitability, he argues that he had no full and fair opportunity to litigate his constitutional claims in the state lawsuit and that the fourth *res judicata* element therefore also is not satisfied.

Laase's challenge to these three elements of the *res judicata* doctrine misapprehends the nature of Minnesota's statutory forfeiture scheme. Under Minn. Stat. section 169A.63(8), (10), if the owner of a seized vehicle fails to file a demand for judicial determination within 30 days after receipt of the state agency's notice of intent to seek forfeiture, the vehicle is automatically forfeited. Under section 169A.63(9), (10), if the owner does file a demand for judicial determination and the court determines that a vehicle is subject to forfeiture, the state agency is immediately authorized to "sell the vehicle and distribute the proceeds" or "keep the vehicle for official use." § 169A.63(10)(a). Accordingly, even if a demand for judicial determination is filed, forfeiture is automatic upon a determination that the owner committed a designated offense and has failed to prove an affirmative defense.

Because of this automatic nature of forfeiture under the statute, the fact that state litigation over forfeitability has concluded adds nothing to the "group of operative facts" that gives rise to Laase's state and federal excessive fines and takings claims. *See Hauschildt*, 686 N.W.2d at 840 (quoting *Martin ex rel. Hoff v. City of Rochester*, 642 N.W.2d 1, 9 (Minn. 2002)). Laase's newly asserted constitutional claims are based on the same set of facts as the affirmative defenses to forfeiture that Laase asserted in state court—the arrest and conviction of Ms. Laase, the seizure of their vehicle, and the County's notice of intent to forfeit. Because both sets of claims are based on the same facts, they are supported by the same evidence. *See id.* at 840-41 ("The 'common test for determining whether a former judgment is a bar to a subsequent action is to inquire whether the same evidence will sustain both actions.'" (quoting *McMenomy v. Ryden*, 148 N.W.2d 804, 807 (Minn. 1967))). Accordingly,

Laase's earlier state-law and double-jeopardy claims and the constitutional claims he now asserts "involve[] the same set of factual circumstances." *See id.* at 840.

Moreover, because section 169A.63(9), (10) makes forfeiture automatic upon a judicial determination that a vehicle is subject to forfeiture, no separate judgment subsequent to a determination of forfeitability is necessary to effect the forfeiture of a vehicle. Once the Minnesota Supreme Court ruled that the innocent owner defense was not available to Laase, the forfeiture of his vehicle was complete. To be sure, the court's opinion says "the vehicle was properly forfeitable." *Laase*, 776 N.W.2d at 439-40. However, since the court did not remand for any additional proceedings after reversing the application of the innocent owner defense, it is evident that no further judicial steps were necessary to effect the forfeiture. Therefore, the Minnesota Supreme Court's determination that the innocent owner defense did not apply properly serves as a final judgment for *res judicata* purposes.

Our conclusion that no additional steps were necessary to effect the forfeiture of the vehicle also is fatal to Laase's suggestion that he had no full and fair opportunity to litigate his constitutional claims in the state-court proceedings. To the extent Laase argues that his constitutional challenges to forfeiture were not ripe until state-court litigation over seizure and forfeitability concluded, his argument fails because forfeiture is automatic upon the determination of forfeitability. As a result, Laase's constitutional claims were ripe and could have been asserted in the underlying state litigation. Minnesota courts routinely hear constitutional challenges in forfeiture proceedings. *See, e.g.*, *Miller v. One 2001 Pontiac Aztek*, 669 N.W.2d 893 (Minn. 2003); *Borgquist v. 2002 Ford F350*, No. A10-733, 2010 WL 3463713 (Minn. Ct. App. Sept. 7, 2010) (unpublished); *City of New Brighton v. 2000 Ford Excursion*, 622 N.W.2d 364 (Minn. Ct. App. 2001). Indeed, in the state district court, Laase asserted the affirmative defense that the seizure of his vehicle violated the Constitution's Double Jeopardy Clause. Nothing prevented him from raising his federal and state excessive fines and takings claims at that time. In fact, Minnesota

principles of *res judicata* required him to do so. *See Brown-Wilbert*, 732 N.W.2d at 220 ("Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action.").[7]

We also reject Laase's argument that *res judicata* does not apply because a state agency's claim for forfeiture is a permissive counterclaim under Minn. Stat. section 169A.63(9)(c) and "[t]here is no res judicata sanction for not raising a permissive counterclaim." *G.A.W. v. D.M.W.*, 596 N.W.2d 284, 288 (Minn. Ct. App. 1999). The County's assertion of *res judicata* is based on Laase's failure to raise his constitutional claims as an affirmative defense, not on any failure by the County to raise a counterclaim for forfeiture. While the assertion of a counterclaim for forfeiture may be permissive, the assertion of an affirmative defense against forfeiture is not. Once a state agency serves a notice of intent to forfeit, the owner must either make a demand for judicial determination within 30 days or be subject to automatic forfeiture. *See* § 169A.63(8), (10). If the owner makes a demand for judicial determination, "[t]here is a presumption that a vehicle seized under this section is subject to forfeiture if the prosecuting authority establishes that the vehicle was used in the commission of a designated offense," and unless the owner carries his burden of proving an affirmative defense, the vehicle will be forfeited. § 169A.63(9)(e). This is true regardless of whether the state agency brings a separate counterclaim for forfeiture. Laase was required to raise and prove any affirmative defense upon which

---

[7] Lasse's suggestion that he was denied a full and fair opportunity to litigate the constitutional claims he now asserts because the constitutional claims he advanced in state court were mooted by the district court's decision in his favor on other grounds misses the mark. The takings and excessive fines claims Laase attempts to bring now are distinct from the double-jeopardy affirmative defense raised in state court. Further, we do not read the unspecified constitutional challenge Laase advanced in state court, to the extent it differs from the double-jeopardy claim, as encompassing the two constitutional claims he now raises. Accordingly, these earlier constitutional challenges are relevant only insofar as they show that Laase at that time also could have brought the additional constitutional claims he now asserts.

he hoped to be granted relief, and under Minnesota law there is no reason not to attach a *res judicata* sanction to his failure to do so.

Finally, Laase notes that *res judicata* is a flexible doctrine that "should not be rigidly applied without an analysis of whether the application of the doctrine would work an injustice on the party against whom it is urged." *Rucker v. Schmidt*, 768 N.W.2d 408, 417 (Minn. Ct. App. 2009), *aff'd*, 794 N.W.2d 114 (Minn. 2011). Because the district court made no explicit determination that application of *res judicata* would be just and equitable in this case, Laase contends that we must remand for such an analysis. This argument fails to persuade for two reasons. First, the district court's discussion of the elements of *res judicata* indicates that the court was aware that the application of the doctrine implicated questions of justice and equity and that the court was not applying the doctrine in a rigid, inflexible manner. Second, we are convinced that applying the doctrine of *res judicata* results in no injustice in this case. The doctrine promotes important interests in finality and the avoidance of piecemeal litigation, *see Roach v. Teamsters Local Union No. 688*, 595 F.2d 446, 449 (8th Cir. 1979), and equity is not disserved by precluding the further litigation of claims that Laase had a full and fair opportunity to assert in state court. In these circumstances, we conclude that any failure by the district court to declare expressly that *res judicata* was justly applied was, at most, a harmless error.[8]

---

[8] Laase suggests that Minnesota employs a *per se* rule requiring a court to balance the equities before applying *res judicata* and that any failure to do so requires reversal, even if harmless. In support of this proposition, he cites the Minnesota appellate decision in *Rucker*, 768 N.W.2d at 417-18, which he interprets as adopting such a rule. We can find no decisions by the Minnesota Supreme Court to this effect. Indeed, in reviewing the decision in *Rucker*, the Minnesota Supreme Court explicitly refused to reach the question whether such a *per se* rule was appropriate. *Rucker v. Schmidt*, 794 N.W.2d 114, 121 n.8 (Minn. 2011). We decline Laase's invitation to apply such a *per se* requirement because we conclude that *Rucker* is not persuasive evidence that the Minnesota Supreme Court would require such formalism. *See Cotton v. Commodore Express, Inc.*, 459 F.3d 862, 864 (8th Cir. 2006) ("Decisions from intermediate state courts are evidence of how the state supreme court might rule,

"Once there is an adjudication of a dispute between parties, res judicata prevents either party from relitigating claims arising from the original circumstances, even under new legal theories." *Hauschildt*, 686 N.W.2d at 837. We conclude, based on Minnesota's principles of *res judicata*, that the claims Laase asserts in this litigation are barred by the earlier state-court judgment, precluding him from raising them in this later proceeding. *See Beutz*, 431 N.W.2d at 531.

Accordingly, we affirm.

_____

---

but they are not binding.").