# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1699

_____

| | | |
|---|---|---|
| LaVera Granetha Ashanti, individually and on behalf of all others similarly situated, | * * * * | |
| Appellant, | * * | Appeal from the United States District Court for the |
| v. | * * | District of Minnesota. |
| City of Golden Valley, as representative defendant for all other municipal defendants similarly situated, | * * * * | |
| Appellee. | * | |

_____

Submitted: November 15, 2011
Filed: January 27, 2012

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

LaVera Granetha Ashanti appeals the district court's[1] grant of summary judgment to the City of Golden Valley (Golden Valley) on her federal and Minnesota

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

constitutional claims arising from a criminal forfeiture proceeding. Because we conclude that Ashanti's claims are barred by res judicata, we affirm.

## I. Background

On June 15, 2008, Ashanti loaned her car to her son, Jesse Holloman. That same day, a Minnesota State Patrol officer arrested Holloman in Golden Valley for driving the car while under the influence of alcohol. As part of the arrest, the officer seized the car. The next day, Ashanti received separate letters from the Minnesota State Patrol and an attorney employed by Golden Valley notifying her that her car had been seized in connection with Holloman's arrest and was subject to forfeiture under Minnesota law.

On July 21, 2008, Ashanti challenged the forfeiture by filing a "Petition for Judicial Determination of Forfeiture and Return of Property" in Hennepin County District Court. Judge Regina M. Chu of the Hennepin County District Court issued a scheduling order on September 28, 2008, setting the trial for September 14, 2009. Ashanti moved for summary judgment on December 11, 2008. The Minnesota State Patrol opposed the motion. An attorney for Golden Valley prosecuted the seizure proceedings on behalf of the Minnesota State Patrol as permitted under Minn. Stat. § 169A.63 subd. 1(i). Judge Chu granted Ashanti's summary judgment motion on January 12, 2009, based on Ashanti's "innocent owner" defense under section 169A.63 subd. 7(d), and judgment in Ashanti's favor was granted on January 16, 2009.

On May 19, 2010, Ashanti filed a purported class action against Golden Valley in federal court. She asserted federal constitutional claims under the Takings and Due Process Clauses of the Fifth Amendment and the Unreasonable Seizure Clause of the Fourth Amendment. She also asserted Minnesota state constitutional claims under the Takings Clause of Article I, Section 13, the Due Process Clause of Article I,

Section 7, and the Unreasonable Seizure Clause of Article I, Section 10 of the Minnesota Constitution. Golden Valley moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court converted the motion to dismiss to a motion for summary judgment under Rule 56 because the parties "submitted letters that are not matters of public record" in connection with Golden Valley's motion to dismiss. Dist. Ct. Order of March 24, 2011, at 4. Specifically, the district court referred to copies of the letters from the Minnesota State Patrol and Golden Valley's municipal prosecutor accompanying the Notice of Seizure and Intent to Forfeit Vehicle. The district court granted summary judgment to Golden Valley on the basis that the Minnesota State Patrol—not Golden Valley—seized Ashanti's car and, therefore, no reasonable juror could find that Golden Valley violated Ashanti's rights.

## II. Analysis

### A. Motion for Summary Judgment

We review a grant of summary judgment *de novo*. Rynders v. Williams, 650 F.3d 1188, 1194 (8th Cir. 2011) (citing Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011)). "Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." Id. (citing Rau v. Roberts, 640 F.3d 324, 327 (8th Cir. 2011)).

Ashanti argues that the district court erred in converting Golden Valley's motion to dismiss to a motion for summary judgment. Rule 12(d) of the Federal Rules of Civil Procedure requires that a motion to dismiss under Rule 12(b)(6) be treated as a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).

-3-

"Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Enervations, Inc. v. Minn. Mining & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004) (quotations omitted). Documents necessarily embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir. 2003) (citing In re Syntex Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996)). The contents of the Notice of Seizure and Intent to Forfeit Vehicle and the letter by Golden Valley's attorney that accompanied the notice were alleged in the complaint and thus necessarily embraced by the complaint. The contents of the separate letter from the Minnesota State Patrol were not alleged in the complaint.

The letter from the Minnesota State Patrol constituted a matter outside the pleadings, thus the district court properly treated the motion as one for summary judgment. Any lack of formal notice by the district court that it would convert the motion to one for summary judgment was harmless considering Ashanti's adequate opportunity to respond to Golden Valley's motion and the lack of any showing that any material facts were disputed or missing from the record. See Davis v. Johnson Controls, Inc., 21 F.3d 866, 867 (8th Cir. 1994) ("[A]ny lack of formal notice by the district court that it would rule on the motion for summary judgment rather than on the motion to dismiss was harmless in view of Davis's adequate opportunity to respond to the summary judgment motion and the lack of any showing that any material facts were disputed or missing from the record.") (citations omitted).

B. Res Judicata

Golden Valley argues that res judicata bars Ashanti from pursuing her constitutional claims in federal court because Ashanti could have litigated those claims in her previous state court action. Golden Valley made this argument before

the district court, which disagreed and dismissed Ashanti's claims on other grounds. Shortly thereafter, we decided Laase v. County of Isanti, 638 F.3d 853 (8th Cir. 2011), which applied res judicata to a plaintiff's constitutional claims against the Minnesota forfeiture statute. "We may affirm a judgment on any ground raised in the district court, and the party that prevailed in the district court need not file a cross-appeal to raise alternative grounds for affirmance." Transcontinental Ins. Co. v. W.G. Samuels Co., 370 F.3d 755, 758 (8th Cir. 2004) (citing Johnson v. Enron Corp., 906 F.2d 1234, 1238 (8th Cir. 1990)).

"The law of the forum that rendered the first judgment controls the res judicata analysis." Laase, 638 F.3d at 856 (quoting St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp., 539 F.3d 809, 821 (8th Cir. 2008)). Accordingly, we apply Minnesota's res judicata law in this case. Under Minnesota law, res judicata constitutes an absolute bar to a later claim when:

> (1) the earlier claim involved the same set of factual circumstances;
> (2) the earlier claim involved the same parties or their privies;
> (3) there was a final judgment on the merits; [and]
> (4) the estopped party had a full and fair opportunity to litigate the matter.

Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004) (citing State v. Joseph, 636 N.W.2d 322, 327 (Minn. 2001)). "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." Brown Wilbert, Inc. v. Copeland Buhl & Co., 732 N.W.2d 209, 220 (Minn. 2007) (citing Joseph, 636 N.W.2d at 327). It is undisputed that the state court action resulted in a final judgment on the merits, in which Ashanti prevailed and recovered her vehicle. Ashanti disputes the remaining elements of res judicata.

1. The State Court Action Involved the Same Set of Factual Circumstances

Holloman's arrest, the seizure of Ashanti's car, and the notice of intent to forfeit constitute the operative factual circumstances in both the forfeiture action and Ashanti's federal action. Each constitutional claim in Ashanti's federal complaint relies on these background facts and alleges that "[i]t is [Golden Valley's] policy, acting under Minn. Stat. § 169A.63, to take the vehicles of private citizens for public use without due process of law." Compl. ¶ 43; see also id. ¶¶ 35, 39, 47, 51, 55.

In Laase, we held that "constitutional claims were ripe and could have been asserted in the underlying state litigation" because "forfeiture is automatic upon the determination of forfeitability." 628 F.3d at 858. Thus, the conclusion of state court litigation over forfeitability "adds nothing to the 'group of operative facts'" giving rise to the constitutional claims. Id. at 857 (quoting Hauschildt, 686 N.W.2d at 840). We thus rejected the argument that the vehicle owner "could not have litigated his constitutional challenge to forfeiture until the state litigation determined forfeitability." Id.

The district court declined to apply res judicata because "the factual predicate of Ashanti's forfeiture action was the forfeiture itself, whereas the factual predicate of this action is the forfeiture *action*." D. Ct. Order of March 24, 2011, at 12. Ashanti's complaint did allege that municipalities such as Golden Valley make "citizens wait inordinate lengths of time before they can even challenge the seizure," and it asserted as a question of law and fact common to the purported class members whether the "extensive delay between the initial seizure of a vehicle and the post-seizure hearing" is an unreasonable seizure in violation of the Fourth Amendment. Compl. at 2 & ¶ 27. Ashanti had begun experiencing this delay, however, at the time she filed her petition for judicial determination of forfeiture on July 21, 2008, which was 36 days after seizure of the vehicle. Compl. ¶ 10. Ashanti also had constructive notice that the Minnesota judicial process inherently would prolong the state's

custody of the vehicle. The Minnesota forfeiture statute expressly provides that the Minnesota Rules of Civil Procedure govern the forfeiture proceeding in state court. Minn. Stat. § 169A.63, subd. 9(a). The statute also expressly provides that judicial determination of forfeiture "must not precede adjudication in the criminal prosecution of the designated offense without the consent of the prosecuting authority."[2] Minn. Stat. § 169A.63, subd. 9(d). Therefore, the forfeiture statute put Ashanti on constructive notice of the potentially lengthy process for judicial determination of forfeiture in Minnesota, and Ashanti could have asserted her constitutional challenges to this process based on the facts that had occurred by the outset of her state court action.[3] We thus conclude that the Minnesota forfeiture action involved the same set of factual circumstances as Ashanti's federal action.

2. The State Court Action Involved the Same Parties or their Privies

To determine privity under Minnesota law, courts "must carefully examine the circumstance of each case." Margo-Kraft Distribs., Inc. v. Minneapolis Gas Co., 200 N.W.2d 45, 47 (Minn. 1972). "There is no prevailing definition of privity which can be automatically applied." Id. (citing McMenomy v. Ryden, 148 N.W.2d 804, 807

---

[2]The complaint does not allege that Ashanti attempted to expedite the judicial process by formally requesting the prosecuting authority's consent. Although Ashanti's brief on appeal states that "Golden Valley did not agree to an early disposition of the case," Ashanti Br. at 4, Ashanti does not state that she ever requested an early disposition. This failure to request expedited adjudication further demonstrates Ashanti's constructive notice of a potentially lengthy judicial process.

[3]Ashanti also could have amended her pleading to add her constitutional claims as the action proceeded in state court. Rule 15.01 of the Minnesota Rules of Civil Procedure allows a party to amend a pleading once as a matter of course before a responsive pleading is served, if a responsive pleading is permitted. Although "[n]o responsive pleading is required of the prosecuting authority," section 169A.63, subd. 8(d), a responsive pleading is not prohibited. Golden Valley, the prosecuting authority, did not file a responsive pleading in the state court action.

(Minn. 1967)). Privity includes "those who control an action although not parties to it; those whose interests are represented by a party to the action; [and] successors in interest to those having derivative claims." Id. at 47-48 (quoting Restatement (First) of Judgments § 83, cmt. a (1942) (internal quotations omitted)). In Laase, we found that "[t]he parties in [the federal] lawsuit and in the former state proceedings are plainly the same," even though the captioned defendant in the state court forfeiture proceedings was the federal plaintiff's 2007 Chevrolet Tahoe. 638 F.3d at 855, 857 (citing Laase v. 2007 Chevrolet Tahoe, No. CV-06-383 (Minn. Dist. Ct. 2007)).

Similar to the situation in Laase, in this case Golden Valley served as the prosecuting authority and controlled the forfeiture action, even though the captioned defendant in the forfeiture action was Ashanti's car. Golden Valley also represented the law enforcement interests of the Minnesota State Patrol in the action. Golden Valley litigated against Ashanti's petition for judicial determination, and Golden Valley is litigating against Ashanti's federal action. Under these circumstances, the state court action involved the same parties or their privies under Minnesota law.

3. Ashanti Had a Full and Fair Opportunity to Litigate her Constitutional Claims

Ashanti had a full and fair opportunity to litigate her constitutional claims during the state court action. "Minnesota courts routinely hear constitutional challenges in forfeiture proceedings." Laase, 638 F.3d at 858 (citing Miller v. One 2001 Pontiac Aztek, 669 N.W.2d 893 (Minn. 2003)); Borgquist v. 2002 Ford F350, No. A10-733, 2010 WL 346713 (Minn. Ct. App. 2010) (unpublished); City of New Brighton v. 2000 Ford Excursion, 622 N.W.2d 364 (Minn. Ct. App. 2001)); see also Hedlund v. 2008 Chevrolet, No. 27-CV-08-9967 (Minn. Dist. Ct. 2009) (considering due process claim, during forfeiture proceeding, based on taking of vehicle without prior adjudication or prompt post-seizure hearing). Nothing prevented Ashanti from raising her constitutional claims at the time of the state court action. "Under res judicata, a party is 'required to assert all alternative theories of

recovery in the initial action.'" Hauschildt, 686 N.W.2d at 840 (quoting Dorso Trailer Sales, Inc. v. Am. Body & Trailer, Inc., 482 N.W.2d 771, 774 (Minn. 1992)). But Ashanti did not. Consequently, res judicata bars Ashanti's claims in this case "arising from the original circumstances" but "under new legal theories." Id. at 837 (citations omitted).

Because the doctrine of res judicata "promotes important interests in finality and the avoidance of piecemeal litigation," Laase, 638 F.3d at 859 (citing Roach v. Teamsters Local Union No. 688, 595 F.2d 446, 449 (8th Cir. 1979)), equity and justice are not disserved by precluding the further litigation of claims that Ashanti had a full and fair opportunity to assert in state court. See id. Accordingly, we conclude, based on Minnesota's principles of res judicata, that the claims that Ashanti asserts in this litigation are barred by the earlier state court judgment. See id. (citing Beutz v. A.O. Smith Harvestore Prods., Inc., 431 N.W.2d 528, 531 (Minn. 1988)).

III.

The judgment is affirmed.

_____